PROSKAUER ROSE LLP
Jerold D. Jacobson
Gershom R. Smith
1585 Broadway
New York, NY 10036-8299
(212) 969-3000
(212) 969-2900 (fax)
gsmith@proskauer.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MARYANN CERAMI,

               Plaintiff,

          v.

THE EDUCATIONAL ALLIANCE, INC.,

               Defendant.

-------------------------------------------------------x

07 CV 11296 (GBD)

**ANSWER**

      Defendant The Educational Alliance, Inc., by and through its attorneys, Proskauer Rose LLP, states as follows for its Answer to the Complaint of Plaintiff MaryAnn Cerami:

      1.      Denies the allegations set forth in Paragraph 1 of the Complaint, except admits that Plaintiff purports to assert a claim under the statutes listed therein.

      2.      Admits that the jurisdiction of this Court is invoked pursuant to the ADEA (29 U.S.C. § 626) as well as 28 U.S.C. §§1331, as alleged in Paragraph 2 of the Complaint.

      3.      Admits the allegations set forth in Paragraph 3 of the Complaint.

      4.      Admits the allegations set forth in Paragraph 4 of the Complaint.

      5.      Denies the allegations set forth in Paragraph 5 of the Complaint, except lacks knowledge or information sufficient to form a belief as to Plaintiff's age or residence.

      6.      Admits the allegations set forth in Paragraph 6 of the Complaint.

7.      Admits the allegations set forth in Paragraph 7 of the Complaint.

8.      Admits the allegations set forth in Paragraph 8 of the Complaint.

9.      Lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of the Complaint.

10.     Admits the allegations set forth in Paragraph 10 of the Complaint.

11.     Admits the allegations set forth in Paragraph 11, but clarifies that at the time the Alliance assumed control of the Wald Center, Plaintiff was the Director of the Wald Center.

12.     Lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 of the Complaint.

13.     Denies the allegations set forth in Paragraph 13 of the Complaint.

14.     Denies the allegations set forth in Paragraph 14 of the Complaint.

15.     Denies the allegations set forth in Paragraph 15 of the Complaint, except admits that Lee is no longer an employee of Alliance and that his employment ended in 2006.

16.     Denies the allegations set forth in Paragraph 16 of the Complaint.

17.     Denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Denies the allegations set forth in Paragraph 18 of the Complaint.

19.     Denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Denies the allegations set forth in Paragraph 22 of the Complaint, except admits that at some point Plaintiff became entitled to receive a wage increase retroactive to April 1, 2005.

23.     Denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Denies the allegations set forth in Paragraph 25 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the allegations that Plaintiff "went to Lee's office" and "demand[ed] her raise."

26.     Lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 26 of the Complaint.

27.     Lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 27 of the Complaint.

28.     Denies the allegations set forth in Paragraph 28 of the Complaint, except admits that Plaintiff received a raise in July 2005, part of which was retroactive to April 2005.

29.     Denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 31 of the Complaint.

32.     Admits the allegations set forth in Paragraph 32 of the Complaint, but lacks knowledge or information sufficient to form a belief as to the allegation that Ms. Keating "had not previously met with Cerami."

33.     Lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 33 of the Complaint.

34.     Lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 34 of the Complaint.

35.     Lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 35 of the Complaint, except admits that Plaintiff's office was not in the

same building as Ms. Keatings, and that Plaintiff was escorted not to Ms. Keating's office, but to the office of Lee Botnick, the Alliance's Director of Human Resources.

36.    Admits the allegations set forth in Paragraph 36 of the Complaint, but lacks knowledge or information sufficient to form a belief as to the allegation that Plaintiff "was curious as to why Botnick was present."

37.    Denies the allegations set forth in Paragraph 37 of the Complaint.

38.    Denies the allegations set forth in Paragraph 38 of the Complaint.

39.    Denies the allegations set forth in Paragraph 39 of the Complaint.

40.    Denies the allegations set forth in Paragraph 40 of the Complaint.

41.    Denies the allegations set forth in Paragraph 41 of the Complaint, except admits that at the February 13, 2006 meeting, Plaintiff was handed a letter stating that she was terminated "effective immediately due to significant discrepancies in your performance practice."

42.    Lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 42 of the Complaint.

43.    Admits the allegations set forth in Paragraph 43 of the Complaint, but avers that Plaintiff was the only person in her position employed by Defendant.

44.    Denies the allegations set forth in Paragraph 44 of the Complaint.

45.    Denies the allegations set forth in Paragraph 45 of the Complaint.

46.    Denies the allegations set forth in Paragraph 46 of the Complaint.

47.    Denies the allegations set forth in Paragraph 47 of the Complaint, except admits that Ms. Keating and Mr. Lee's employment with Defendant ended in April 2006 and December 2006, respectively.

48.     Repeats and realleges each and every response set forth in Paragraphs 1 through 47 of this Answer with the same force and effect as if it fully set forth herein.

49.     Denies the allegations set forth in Paragraph 49 of the Complaint.

50.     Denies the allegations set forth in Paragraph 50 of the Complaint.

51.     Denies the allegations set forth in Paragraph 51 of the Complaint.

52.     Denies the allegations set forth in Paragraph 52 of the Complaint.

53.     Denies the allegations set forth in Paragraph 53 of the Complaint.

54.     Repeats and realleges each and every response set forth in Paragraphs 1 through 53 of this Answer with the same force and effect as if it fully set forth herein.

55.     Paragraph 55 of the Complaint does not require an answer because these allegations set forth legal conclusions to which no responsive pleading is required.

56.     Denies the allegations set forth in Paragraph 56 of the Complaint.

57.     Denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Repeats and realleges each and every response set forth in Paragraphs 1 through 57 of this Answer with the same force and effect as if it fully set forth herein.

59.     Paragraph 59 of the Complaint does not require an answer because these allegations set forth legal conclusions to which no responsive pleading is required.

60.     Denies the allegations set forth in Paragraph 60 of the Complaint.

61.     Denies the allegations set forth in Paragraph 61 of the Complaint.

62.     Denies the allegations set forth in Paragraph 62 of the Complaint.

63.     Denies the allegations set forth in Paragraph 63 of the Complaint.

64.     Admits the allegations set forth in Paragraph 64 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods.

## THIRD AFFIRMATIVE DEFENSE

If damaged, which Defendant expressly denies, Plaintiff has failed to make reasonable efforts to mitigate her damages.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, including prior to the allegations that form the basis of Plaintiff's claims, Defendant had established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents, and persons employed as independent contractors.

## FIFTH AFFIRMATIVE DEFENSE

At all times relevant hereto, including prior to the allegations that form the basis of Plaintiff's claims, Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior.  Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Defendant or to avoid harm otherwise.

## SIXTH AFFIRMATIVE DEFENSE

All or some of the claims alleged in the Complaint are barred because Defendant acted reasonably and/or in good faith and/or pursuant to valid business reasons.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a basis for an award of exemplary and/or punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE

The claims in Plaintiff's Complaint are barred, in whole or in part, as to any matters not contained in Plaintiff's administrative charge, for which no right to sue letter has been issued, and/or for which Plaintiff has failed to exhaust, and/or has elected, administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

Defendant's liability, which Defendant expressly denies, should be mitigated by virtue of the fact that it established, communicated, and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents and persons employed as independent contractors, and had no record of prior incidents of discriminatory conduct by Plaintiff's supervisor.

Dated:          New York, New York
                February 19, 2008

                                By:    /s/  Gershom R. Smith
                                       Jerold D. Jacobson
                                       Gershom R. Smith
                                       PROSKAUER ROSE LLP
                                       1585 Broadway
                                       New York, NY  10036-8299
                                       Phone: (212) 969-3000
                                       E-mail: gsmith@proskauer.com
                                       *Attorneys for Defendant*